█ In the Matter of the Claim of MABEL EVERETT, Respondent, against GEORGE W. HAXTON & SON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits in a heart case. The issue is that of accidental causation. For some three weeks prior to his fatal seizure decedent's work as manager of a farm produce plant had been heavier than before, due to a speed-up of operations preparatory to removal of the business to a different location, and he performed more manual labor than his managerial duties had previously required, including that of lifting 100-pound bags of beans and stacking them, sometimes in tiers of from 12 to 14 bags. On the day of his attack, he had gone to work between 7:30 and 8:00 A.M. and had helped in the work of bagging beans and stacking the bags until 10:30 or 11:00 A.M. when he left to go to the post office, stopping on the way at a restaurant. There he was suddenly seized with severe abdominal pain and was removed to his home and thence to a hospital where he died two days later. The treating physician reported death due to a ruptured abdominal aortic aneurysm secondary to generalized arteriosclerosis, hypertension and myocarditis. Claimant's medical experts testified that the strenuous work performed by decedent aggravated the underlying pathology and caused the rupture and death. There was substantial evidence that the work was "sufficiently strenuous to require more than normal exertion" (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323, 326) and the board was therefore warranted in finding accidental causation. Appellants' expert, asked to assume that the attack had occurred while decedent was in the act of lifting, said, "if he was

doing something heavy, I could not deny relationship." This physician considered that if the work had been a factor, the rupture would have been expected to occur at the height of the exertion and not some time later when at rest. There was thus presented a conflict of medical opinions which the board was entitled to resolve by acceptance of claimant's physicians' theory of causation. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.